GOODYEAR RUBBER Co. *v.* DAY and another.[1]

(*Circuit Court, E. D. Missouri.* October 11, 1884.)

1. TRADE-MARKS—INFRINGEMENT.

No manufacturer will be permitted to stamp upon or attach to his goods the name of another manufacturer.

2. SAME—NAME OF PATENT.

*Semble*, that after the expiration of a patent no manufacturer of the patented article can appropriate the name, or the principal part of the name, of the patent as a trade-mark.

In Equity.

This is a suit to restrain the defendants from advertising or selling rubber goods, not manufactured by the complainant, with the name of "The Goodyear Co." in any manner annexed or attached thereto.

*Thos. T. Gantt* and *A. & John F. Lee*, for complainant.

*McFarland, Reynolds & Harrison*, for defendants.

TREAT, J., (*orally.*) The litigation connected with this Goodyear rubber business I am fully conversant with, as the Reports are full of it, and during 20 odd years I have had to look into the matter in causes pending before me. It seems to the court this is an effort to appropriate the name, "Goodyear." The patent has expired. Now, if, after the termination of the patent, a man can adopt the name of the patent, and use it as a trade-mark, he is, in violation of the laws of the United States, getting an exclusive right which does not belong to him. The case before Judge WALLACE, as I heard it read, is

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

substantially between two corporations, in which the Goodyear Rubber Co. charged that the Goodyear Rubber Manufacturing Co., a defendant, had used the name "Goodyear Rubber Co.," which it had no right to do. It dropped the word "Manufacturing;" therefore it was enjoined by Judge WALLACE against using the name of that particular corporation. Now, Judge DONAHUE has gone a step further than I am willing to go, in saying that any man can appropriate "Goodyear," the generic term, and thereby practically extend the patent *ad infinitum* by using that name.

The name of this corporation is "The Goodyear Rubber Co." The quality of its goods is offered as superior to any other. Whether superior or inferior is a matter of no consequence. No man has a right to use the name and palm off his goods marked in that name. Has the defendant done so? It seems some cases were bought of boots and shoes with the mark of "Goodyear" upon them. For the purposes of this case I will say that is all. I will therefore require him to keep an account of all the goods he sells under that name. As at present advised in regard to it, I do not think there is any infringement of the trade-mark, but it will not hurt him to keep an account. If, after a full development of the facts, it turns out otherwise, he must suffer.

*Mr. Gantt.* You refuse the preliminary injunction?

*The Court.* I do; but will cause the defendant to keep an account of all the goods he sells, either in your name or of the "Goodyear Co." In determining the question, as at present advised, I think one man has as good a right to use the name of "Goodyear" as another.

*Mr. Gantt.* No doubt about the word "Goodyear?"

*The Court.* Well, "Goodyear Rubber Co." That is the point. Your name is the "Goodyear Rubber Co." It will be ordered that the defendant keep an account of all goods by him sold in the name of the Goodyear Rubber Co. or the Goodyear Co.

*Mr. Gantt.* I will ask that the account include what he has sold or may hereafter sell.

*The Court.* I can't order him to keep an account of what has been done. He will have to account for it if you maintain your bill. But hereafter he will keep an account of all sales in those names. That is all I can do now. The rest will be a matter of damages, if you maintain your suit.